JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-00244-RGK (DTBx) | Date | April 12, 2012 |
|---|---|---|---|
| Title | RANDAL VILLA v. WELLS FARGO BANK NA, et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (DE 7)

**I.** **INTRODUCTION**

On December 14, 2011, Randal Villa ("Plaintiff") filed a Complaint against Wells Fargo Bank NA ("Wells Fargo") and First American TE Servicing SO ("First American") (collectively, "Defendants") in Superior Court for the County of Riverside. Plaintiff alleges claims for (1) violation of California Civil Code §§ 2923.5 and 2923.6, (2) fraud, (3) intentional misrepresentation, (4) violation of California Civil Code § 1572, (5) violation of California Business and Professions Code § 17200, and (6) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. On February 16, 2012, Wells Fargo removed the case to this Court. First American had previously filed a Declaration of Non-Monetary Status.

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the following reasons, the Court **GRANTS** Defendants' Motion as to Plaintiff's claim for violation of TILA and **REMANDS** the remaining claims.

**II.** **FACTUAL BACKGROUND**

Plaintiff alleges the following facts:

In December 2006, Plaintiff purchased a home in Murrieta, California and obtained financing from Wells Fargo. Defendants accused Plaintiff of being in default on his loan as of November 2011. Defendants then recorded a Notice of Default and a Notice of Trustee's Sale.

1

## III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may move to dismiss a claim for failure to comply with the pleading requirements of Rule 8. To comply with Rule 8, the complaint must state enough facts so that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but must provide more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The standard set forth in *Twombly* "governs the pleading standard in all civil actions and proceedings in the United States district courts." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (internal quotations omitted).

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In deciding a motion to dismiss, the court must assume allegations in the challenged complaint to be true and must construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court need not accept as true conclusory legal allegations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## IV. DISCUSSION

### A. TILA

Defendants argue that Plaintiff's TILA claim is time-barred. The Court agrees.

Under TILA, an injured party must bring a claim for damages within one year of the occurrence of the violation. 15 U.S.C. § 1640(e). An injured party must bring a claim for rescission within three years of the consummation of the document or upon the sale of the property, whichever occurs first. 15 U.S.C. § 1635(f). Plaintiff consummated the loan on November 8, 2006. (Pl.'s Compl. ¶ 6.) It appears the property was sold in May 2009 after Plaintiff defaulted on the loan. (Def.'s Req. for Judicial Notice, Ex. 6.) However, this sale was rescinded in July 2009. (Def.'s Req. for Judicial Notice, Ex. 7.) Plaintiff did not file his Complaint until December 14, 2011. Thus, a TILA claim for either damages or rescission, whether because the property was sold or because it has been more than three years since the consummation of the loan, is time-barred.

Under certain circumstances, courts equitably toll the statute of limitations for TILA actions until the borrower "discovers or had reasonable opportunity to discover the fraud or nondisclosure that forms the basis of the TILA action." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). However, where "nothing prevented [the plaintiff] from comparing the loan contract, [the] initial disclosures, and TILA's statutory and regulatory requirements," equitable tolling is not appropriate. *Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996). Plaintiff alleges no facts indicating when he discovered or reasonably could have discovered Defendants' alleged nondisclosure. Therefore, the Court declines to equitably toll the statute of limitations. Because Plaintiff's claim is time-barred, the Court **GRANTS** Defendants' Motion as to Plaintiff's claim for violation of TILA.

### B. Remaining Claims

The Court has dismissed Plaintiff's only federal claim and therefore, there is no remaining basis for jurisdiction under 28 U.S.C. § 1331.

Further, this Court does not have jurisdiction on the basis of diversity of citizenship between the parties. Federal courts have jurisdiction over actions arising between citizens of different states, where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff is a citizen of California. (Pl.'s Compl. ¶ 1.) Wells Fargo is a national bank, which, for diversity purposes, is a citizen of the states in which it is "located." 28 U.S.C. § 1348. In *Wachovia v. Schmidt*, the Supreme Court held that "a national bank, for § 1348 purposes, is a citizen of the state in which its main office, as set forth in its articles of incorporation, is located." 546 U.S. 303, 307 (2006). The Court held that national banks are not "located" in every state in which the bank has a branch, but did not address whether a national bank is additionally "located" in the state of its principal place of business. *Id.* at 315 n.8. However, the Supreme Court recognized that the legislative history of § 1348 indicates that Congress intended to put national banks on the same footing as state banks. *Id.* at 310-12. In light of the Supreme Court's analysis in *Schmidt*, the Court holds that a national banking association is located in and therefore is a citizen of both the state of its main office and the state of its principle place of business. *See, e.g.*, *Rouse v. Wachovia Mortg., FSB*, No. EDCV 11-00928 DMG (DTBx), 2012 WL 174206 (C.D. Cal. Jan. 13, 2012). Wells Fargo's main office, as designated in its articles of association, is located in Sioux Falls, South Dakota. (Def.'s Notice of Removal ¶ 2.) Numerous courts have held that Wells Fargo's principle place of business is in California. *E.g.*, *Gutterman v. Wachovia Mortg.*, No. CV 11-1611 GAF (CWx), 2011 WL 2633167, at *1 (C.D. Cal. Jan 20, 2011). Therefore, Defendant is a citizen of California. Because Plaintiff and Wells Fargo are both citizens of California, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

Because the Court has dismissed Plaintiff's TILA claim, the only claim over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims. *See* 28 U.S.C. § 1367. The Court therefore remands Plaintiff's remaining claims to state court.

## V.      JUDICIAL NOTICE

To the extent the Court has relied on any materials in Defendants' Request for Judicial Notice, the Court hereby **GRANTS** that Request.

## VI.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiff's TILA claim and **REMANDS** Plaintiff's remaining claims to state court.

**IT IS SO ORDERED.**

|  |  :  |
|---|---|
| Initials of Preparer | slw |